## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :

THE JOINT CORP.                  :

                                      :

               Plaintiff,    :        Civil Action No. __24-6761__

                                :

               v.              :

                                :

JOINT CHIROPRACTIC LLC        :

                                :

                 Defendants.  :

                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>COMPLAINT</u>

       Plaintiff The Joint Corp. ("Plaintiff"), by and through its counsel, alleges for its

complaint against defendant Joint Chiropractic LLC aka Joint Chiropractic Auto Accidents

("Defendant") as follows:

### I.  JURISDICTION AND VENUE

       1.      This is a complaint for trademark infringement and unfair competition under

§§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (trademark infringement) and 1125(a)

(unfair competition), and for unfair competition under the common law of the State of New

Jersey.

       2.      This Court has original subject-matter jurisdiction over this action pursuant to

28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121.  This Court has related-claim jurisdiction

over the state-law claim pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

       3.      This Court has personal jurisdiction over Defendant because Defendant maintains

its principal place of business in the State of New Jersey.

4.      Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendant is subject to the court's personal jurisdiction.

## II.  THE PARTIES

5.      Plaintiff is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, and having a principal place of business at 16767 N. Perimeter Drive, Suite 240, Scottsdale, Arizona 85260.

6.      Upon information and belief, Defendant is, and at all times mentioned herein was, a New Jersey limited liability company having a principal place of business at 602 Broadway, Camden, New Jersey 08103.

## III.  PLAINTIFF'S SERVICES AND MARKS

7.      As indicated by its website https://www.thejoint.com, Plaintiff is a major franchisor of chiropractic clinics in the United States.  Plaintiff and its franchisees currently form a network of more than 900 chiropractic clinics in 39 states.

8.      Plaintiff's franchised clinics are leaders in delivering chiropractic care, performing more than four million spinal adjustments a year.  Those clinics provide a variety of chiropractic services including consultations, exams, and adjustments to patients seeking pain relief and preventative care.

9.      Plaintiff and its franchisees use several federally registered "JOINT" and "JOINT CHIROPRACTIC" service marks in their business.  Plaintiff and its franchisees have used these "JOINT" and "JOINT CHIROPRACTIC" marks for over 20 years, thereby making the marks widely recognized as branding of Plaintiff and its franchisees, their clinics, and their chiropractic services.

10.     Plaintiff has registered its "JOINT" and "JOINT CHIROPRACTIC" service marks with the United States Patent and Trademark Office ("USPTO") as follows:

| Trademark | Registration No. | Registration Date |
|---|---|---|
| THE JOINT…THE CHIROPRACTIC PLACE | 3,922,558 | February 22, 2011 |
| THE JOINT…THE CHIROPRACTIC PLACE (Stylized) | 4,323,810 | April 23, 2013 |
| THE JOINT | 4,723,892 | April 21, 2015 |
| THE JOINT CHIROPRACTIC | 5,095,943 | December 6, 2016 |
| THE JOINT CHIROPRACTIC and Design | 6,331,815 | April 27, 2021 |
| THE JOINT CHIROPRACTIC (Stylized) | 6,331,917 | April 27, 2021 |
| THE JOINT CHIROPRACTIC (Stylized) | 6,331,918 | April 27, 2021 |

The foregoing marks are referred to collectively herein as the "JOINT CHIROPRACTIC Marks."

11.     Each of the JOINT CHIROPRACTIC Marks is registered for, at a minimum, "chiropractic services," in International Class 44 ("JOINT CHIROPRACTIC Services").

12.     Plaintiff grants the right to use its JOINT CHIROPRACTIC Marks to its franchisees all over the country, including four franchisees located in New Jersey:  McGuire Air Force Base, River Edge, Wall Township, and West Caldwell.  The franchisees then enjoy the use of the JOINT CHIROPRACTIC Marks and the benefit of the goodwill associated with the JOINT CHIROPRACTIC Marks.

13.     Plaintiff and its franchisees have long and continuous use of the JOINT CHIROPRACTIC Marks and have extensively advertised the marks in U.S. interstate commerce. To the extent, if any, that any of the JOINT CHIROPRACTIC Marks were not originally

distinctive of the JOINT CHIROPRACTIC Services, such JOINT CHIROPRACTIC Marks have acquired secondary meaning and thereby become distinctive of such services.

14.     The USPTO has acknowledged the distinctiveness of all of the JOINT CHIROPRACTIC Marks, including but not limited to the mark THE JOINT CHIROPRACTIC standing alone, Registration No. 5,095,943, by placing all seven of the JOINT CHIROPRACTIC Marks on the USPTO's Principal Register.

15.     All seven of the registrations for the JOINT CHIROPRACTIC Marks are valid, subsisting, and enforceable.  Copies of the registration certificates for the JOINT CHIROPRACTIC Marks are attached hereto as Exhibit A.

### IV.  DEFENDANT'S ILLEGAL CONDUCT

16.     According to Defendant's website https://www.camdenpaincenter.com ("Website"), Defendant is in the business of providing chiropractic care by offering a variety of chiropractic services.  Defendant promotes itself as a chiropractic care facility and, upon information and belief, advertises its services to companies and individual consumers, including but not limited to those in Camden, New Jersey.

17.     Defendant prominently uses the mark JOINT CHIROPRACTIC on the Website to promote Defendant's chiropractic services.  For example, the mark appears at the top left corner and at the bottom of the home page of the Website.

18.     Defendant prominently displays the mark JOINT CHIROPRATIC on several other pages of the Website, including in a photograph of the front of Defendant's clinic in Camden, New Jersey.  In addition, Defendant uses the mark in text on the Website.  For example, the "About" page of the Website states, "Our mission at Joint Chiropractic is simply to serve you."

19.     Screenshots of pages from the Website displaying the mark JOINT CHIROPRACTIC are attached hereto as Exhibit B.

20.     According to the State of New Jersey's business records, Defendant was formed on September 17, 2019, meaning that Plaintiff was using all but one of the seven JOINT CHIROPRACTIC Marks (THE JOINT CHIROPRATIC and Design, Registration No. 6,331,815, used in interstate commerce at least as early as October 1, 2019) prior to the formation of Defendant.

21.     Defendant's use of the mark JOINT CHIROPRACTIC on the Website and at Defendant's clinic in Camden, New Jersey, is highly similar to how Plaintiff and its franchisees, including Plaintiff's four franchisees in New Jersey, use the JOINT CHIROPRACTIC Marks, including with respect to the appearance, pronunciation, meaning, and overall commercial impression of the Plaintiff's marks.

22.     Accordingly, Defendant's use of the mark JOINT CHIROPRACTIC is likely to confuse consumers looking on the Internet or on the street for chiropractic clinics operated by Plaintiff's franchisees.

23.     In addition, Defendant's use of the Internet as a marketing and advertising tool is likely to cause such confusion.  For example, conducting a Google search for the term "Joint Chiropractic Camden" yields the Website as the top search result.

24.     By using a mark almost identical or highly similar to each of the JOINT CHIROPRACTIC Marks, Defendant is causing a likelihood of confusion with Plaintiff and willfully and deliberately identifying Defendant's services with those of Plaintiff and with Plaintiff's goodwill.  Defendant intentionally created such likelihood of confusion in an attempt to exploit the reputation of Plaintiff's JOINT CHIROPRACTIC Marks.

25.     Plaintiff has not consented to Defendant's use of a JOINT CHIROPRACTIC mark on the Website or to any other use or display by Defendant of a JOINT CHIROPRACTIC mark in connection with Defendant's services.

26.     On December 11, 2023, counsel for Plaintiff sent a letter to Defendant using the address provided on Defendant's website. In that letter, Plaintiff's counsel informed Defendant of Plaintiff's rights in the JOINT CHIROPRACTIC Marks and asked Defendant to cease and desist from using the mark JOINT CHIROPRACTIC or any other mark similar to Plaintiff's JOINT CHIROPRACTIC Marks.  Defendant did not respond to that letter.

27.     In the absence of any response from Defendant, Plaintiff's counsel sent a follow-up letter to Defendant on February 13, 2024.  In that second letter, Plaintiff's counsel reiterated Plaintiff's right in the JOINT CHIROPRACTIC Marks and again asked Defendant to stop using the mark JOINT CHIROPRACTIC to promote its business.  Defendant also failed to respond to that second letter.

28.     To date Defendant has not stopped using the mark JOINT CHIROPRATIC, thereby willfully and knowingly infringing Plaintiff's exclusive rights in its federally registered JOINT CHIROPRACTIC Marks.

### COUNT I
### TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)

29.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30.     This is a claim for infringement of the federally registered JOINT CHIROPRACTIC Marks shown in Exhibit A.  The aforesaid acts of Defendant constitute a violation of Section 32(1) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1114(1).

31.     Defendant's conduct, including its willful and knowing attempt to trade on the goodwill associated with the JOINT CHIROPRACTIC Marks, has caused Plaintiff to suffer actual damages and, if not restrained, is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, leading them mistakenly to believe that Defendant's services are affiliated with those of Plaintiff, or vice versa, in violation of 15 U.S.C. § 1114(1).

32.     By reason of the acts of Defendant alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer irreparable damage and, unless Defendant is restrained from continuing its wrongful acts, the damage to Plaintiff will increase.

33.     Plaintiff has no adequate remedy at law for future infringing acts by Defendant.

## COUNT II
## UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a)

34.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35.     The aforesaid acts of Defendant are likely to cause confusion, mistake, or deception among purchasers and potential purchasers of services associated with the JOINT CHIROPRACTIC Marks as to the source or origin of the services rendered by Defendant by reason of the fact that purchasers are likely to believe that Defendant's services originate from, or are in some way properly connected with, approved by, sponsored by, or endorsed by Plaintiff.

36.     The confusion, mistake, or deception referred to herein arises out of the aforesaid acts of Defendant that constitute false designation of origin and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a).

37.     Upon information and belief, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake, or deception.

38.     By reason of the acts of Defendant alleged herein, Plaintiff has suffered actual damages, is suffering and will continue to suffer irreparable damage, and, unless Defendant is restrained from continuing these wrongful acts, the damage to Plaintiff will increase.

39.     Plaintiff has no adequate remedy at law for future infringing acts by Defendant.

## COUNT III
## UNFAIR COMPETITION UNDER STATE LAW

40.     Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 39.

41.     Defendant's actions discussed herein constitute unfair competition within the meaning of the common law of the State of New Jersey.

42.     Pursuant to the common law of the State of New Jersey, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease this unfair competition and to disgorge all of Defendant's profits associated with this unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1.     That, pursuant to 15 U.S.C. § 1116, Defendant be preliminarily and permanently enjoined from:  (a) using any of the service marks depicted in Exhibit A, or any colorable imitation thereof; (b) using any mark that imitates or is confusingly similar to or in any way similar to any of the service marks depicted in Exhibit A, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of the JOINT CHIROPRACTIC Services or their connectedness to Defendant ("Injunction");

2.     That Defendant be required to file with the Court and serve on Plaintiff within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Injunction;

3.      That, pursuant to 15 U.S.C. § 1117, Defendant be held liable to Plaintiff for all damages suffered by Plaintiff resulting from the acts alleged herein and for all costs incurred by Plaintiff in bringing this action;

4.      That, pursuant to 15 U.S.C. § 1117, the Court award increased damages to Plaintiff of up to three times the amount found as Plaintiff's actual damages;

5.      That, pursuant to 15 U.S.C. § 1117, Defendant be compelled to account to Plaintiff for any and all profits derived by Defendant from its illegal acts complained of herein;

6.      That Defendant be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all signs, advertisements, marketing materials, branded goods, or the like that are in the possession, custody, or control of Defendant and bear a mark found to infringe Plaintiff's service mark rights, as well as all files, forms, masters, and other means of making the same;

7.      That the Court declare this dispute to be an exceptional case and award to Plaintiff its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

8.      That the Court grant to Plaintiff any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116, 1117 and/or under state law; and

9.      That the Court grant to Plaintiff such other and further relief as this Court deems just and equitable.

(Signature page follows.)

Dated: June 6, 2024

By: */s/ Rita C. Chipperson*
Rita C. Chipperson (005842000)
**CHIPPERSON LAW GROUP, P.C.**
163 Madison Avenue, Suite 220-40
Morristown, New Jersey 07960
Telephone:    973-845-9071
Fascimile:    973-845-6176
Email:         rcc@chippersonlaw.com
*ATTORNEY TO BE NOTICED*

Brett A. Spain (*pro hac vice* to be filed)
Timothy J. Lockhart (*pro hac vice* to be filed)
Faith A. Parker (*pro hac vice* to be filed)
**WILLCOX & SAVAGE P.C.**
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone:    757-628-5500
Facsimile:    757-628-5566
Email:         bspain@wilsav.com
                 tlockhart@wilsav.com

*Attorneys for Plaintiff*
*The Joint Corp.*